In the Matter of Proceedings against SUFFOLK COUNTY DISTRICT COURT JUDGE FLOYD SARISOHN, Respondent.

Second Department, November 28, 1966.

*Floyd Sarisohn* (*Arthur Goldstein* of counsel), respondent in person.

*Reginald C. Smith,* counsel appointed to conduct the proceeding.

*Per Curiam.* This is a proceeding pursuant to subdivision i of section 22 of article VI of the Constitution of the State of New York, subdivision (e) of section 103 of the Uniform District Court Act and section 132 of the Code of Criminal Procedure to remove respondent, a Judge of the District Court of Suffolk County, from office for cause. The respondent moves to strike and dismiss paragraphs First, Ninth and portions of paragraph Sixth of the original statement of charges, and paragraph Eighteenth of the supplemental statement of charges, on the grounds (a) that the allegations therein contained pertain to acts which occurred prior to January 1, 1964, when respondent became a Judge of the District Court of Suffolk County, and (b) that the acts are not related to respondent's conduct as a District Court Judge.

Under the applicable provisions of the Constitution and relevant statutes (N. Y. Const., art. VI, § 22, subd. i; UDCA, § 103, subd. [e]; Code Crim. Pro., § 132) a Judge of the District Court may be removed " for cause " by the Appellate Division of the Supreme Court. While the Constitution and the statutes enacted thereunder do not prescribe what constitutes the

"cause" which justifies a removal, the cases have defined it as acts "including corruption, general neglect of duty, *delinquency affecting general character and fitness for office,* acts violative of law inspired by interest, oppressive and arbitrary conduct, reckless disregard of litigants' rights, and acts justifying 'the finding that his future retention of office is inconsistent with the fair and proper administration of justice'" (*Matter of Kane* v. *Rudich,* 256 App. Div. 586, 587).

Unlike the Public Officers Law (§§ 32, 36) which provides for removal for misconduct, maladministration, malfeasance or malversation *in office,* there is no comparable constitutional or statutory provision which requires that the "cause" for removal under subdivision i of section 22 of article VI of the Constitution, subdivision (e) of section 103 of the Uniform District Court Act and section 132 of the Code of Criminal Procedure must relate to misconduct in office, or that the wrongdoing must relate to the official duties of the judicial officer, or that it shall have occurred during the particular term which the officer was serving when the proceedings were instituted. The absence of any such limitation in the text of either section 22 of article VI of the Constitution or the relevant statutory provisions leads us to the conclusion that the removing body may consider any acts of misconduct which reflect adversely upon the general character and moral fitness necessary to the proper performance of the duties of judicial office. "'Cause' is an inclusive, not a narrowly limited, term. Such 'cause' may be directly associated with the Judge's work as a Judge but it is not limited to such matters" (*Matter of Osterman,* 13 N Y 2d [a], [p]).

In our opinion, the term "for cause" includes any misconduct, even if committed prior to the taking of judicial office, as would disclose that the Judge's retention in office is inconsistent with the fair, proper and wholesome administration of justice. A judicial officer is nonetheless unfit to hold office and the interests of the public are nonetheless injuriously affected even though the misdeeds which portray his unfitness occurred prior to assuming such office (cf. *Matter of Newman* v. *Strobel,* 236 App. Div. 371). This principle is particularly applicable where, as here, the acts alleged to have been committed by respondent occurred while he held prior judicial office as a Justice of the Peace of the Town of Smithtown. We, therefore, reject respondent's contention, implicit in the motion before us, that a judicial officer may not be removed for any act of misconduct which occurred prior to the commencement of his term of office.

For the purpose of this motion to dismiss, the charges against respondent must be deemed to be true. We hold that by their nature, as alleged, they would — if established — constitute sufficient ground for removal "for cause".

Even under the restricted and restrictive provisions relating to the removal of town and certain local officers under section 36 of the Public Officers Law, misconduct in office during a preceding term is sufficient cause for removal (*Matter of Corwin* v. *Mercier,* 14 A D 2d 652; *Matter of Newman* v. *Strobel, supra*). Holding, as we do, that misconduct involving moral turpitude constitutes "cause" for removal whether it took place before or after the assumption of judicial office presently held, all the more is that true where, as here, the alleged misconduct was committed during a term of judicial office immediately preceding the present office.

An additional and independent ground for denying the motion flows from the basic principle that since a District Court Judge is required by law to be an attorney (N. Y. Const., art. VI, § 20, subd. a), any act which reflects adversely on his character and fitness to be an attorney necessarily reflects upon his character and fitness to remain in judicial office.

Finally, we find to be without merit the contention that since the respondent was, by the vote of his constituents, deemed capable and worthy to serve as a District Court Judge, this court does not have the power to nullify the selection of the people on the basis of a character review of his moral or ethical conduct before he assumed that office. This precise argument was presented and rejected by the court in the *Strobel* case (*supra*), for reasons with which we are in full accord. At bar, as it appears that the alleged misdeeds of respondent were not known to the voters when they elected him to his present office, the claim that respondent's election closes the door to an inquiry concerning his alleged past misconduct is without substance.

The motion should be denied, without costs.

CHRIST, Acting P. J., BRENNAN, RABIN, HOPKINS and BENJAMIN, JJ., concur.

Motion denied, without costs and with opinion *Per Curiam.*