■ In the Matter of GARY L. NICHOLSON, Appellant, v STATE COMMISSION ON JUDICIAL CONDUCT, Respondent.—Appeal from order and judgment (one paper) of the Supreme Court, New York County, entered August 16, 1978,

denying petitioner's motion to quash or vacate a subpoena duces tecum served upon him by respondent State Commission on Judicial Conduct, unanimously held in abeyance and the matter remanded for a hearing ex parte, *in camera,* before Special Term, consistent with the principles stated herein, as to the validity of the requests for records under paragraphs b, c and d of said subpoena dated June 9, 1978, as modified. Special Term shall conduct these proceedings and report to this court with all convenient speed. Except for the proceedings and purposes authorized by section 44 of the Judiciary Law, the records, affidavits and exhibits to be submitted at this hearing shall be and remain sealed until further order of this court. The stay granted by this court is continued pending determination of the appeal except as to paragraph e of the subpoena as to which the commission may proceed. Respondent's subpoena seeks the production of "e) Any and all records or writings pertaining to or relating to a fund-raiser held on December 4, 1977 kept by the Trial Lawyers Committee of Marie Lambert, Surrogate, Committee For a People's Surrogate, Friends of Marie Lambert, and any other committee formed to aid the nomination or election of Marie Lambert as Surrogate." There appears a sufficient showing by the commission that its inquiry in this respect was initiated by a written complaint, a prerequisite to jurisdiction by the commission (Judiciary Law, art 2-A, § 44), that the commission is authorized to demand these records and that there is a legitimate governmental interest in this demand *(Matter of Pfingst,* 33 NY2d [ii], [kk] [Court on the Judiciary]; see *Matter of Sarisohn,* 26 AD2d 388, 389-390, mot for lv to app den 19 NY2d 689, cert den 393 US 116; NY Const, art VI, § 22; Judiciary Law, art 2-A, § 44). Paragraphs b, c and d seek "In connection with the 1977 campaign of Marie Lambert for New York Surrogate, all lists, documents, or other records pertaining to: * * * b) campaign contributions, loans and expenses; c) the names of all people who were solicited for contributions; d) the names of people who attended any fund raising affairs sponsored by the campaign." The record before us fails to demonstrate that there is a jurisdictional basis for the demand for the records sought by these paragraphs, i.e., that as required by statute (Judiciary Law, art 2-A, § 44) the commission's investigation was initiated by a written complaint against Surrogate Lambert concerning her entire 1977 campaign. Furthermore, even if there is such a complaint, a serious question is posed whether the subpoena in seeking such disclosure exceeds the bounds of a legitimate governmental interest *(Buckley v Valeo,* 424 US 1, 64) and to what extent, if any, the material sought is relevant to such inquiry *(Gibson v Florida Legislative Comm.,* 372 US 539, 545; *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250, 256-257; *Matter of A'Hearn v Commission on Unlawful Practice of Law of N. Y. County Lawyers' Assn.,* 23 NY2d 916, 918). We do not reject respondent's assertion that *United States v Morton Salt Co.* (338 US 632, 652) supports the proposition that if an administrative inquiry is within the authority of the requesting agency, and the demand for documents is not too indefinite, and the information is reasonably relevant, then the subpoena duces tecum will be sustained. However, when First Amendment rights are validly asserted on a motion to quash, the burden shifts to the Government (in this case, respondent commission) to demonstrate a compelling interest sufficient to outweigh the possibility of infringement of these rights *(Matter of Wood,* 430 F Supp 41, 45; see *Pollard v Roberts,* 283 F Supp 248, 257-258, affd 393 US 14). Even where First Amendment rights are not involved, the issue of broad, sweeping subpoenas without a preliminary showing of authority, relevancy and some basis for the inquisitional action "might too easily subject innocent

parties to administrative abuses in violation of their rights to privacy and due process, and would amount to a roving cause of inquiry that is both burdensome and oppressive" *(Matter of Temporary State Comm. on Living Costs & Economy,* 80 Misc 2d 448, 452). The commission may not use the subpoena as a vehicle for obtaining information to enable it to make a preliminary showing of authority, relevancy or basis for inquiry. The deficiencies of the present record are not necessarily attributable to the commission. Special Term should have availed itself of the commission's offer to make an ex parte, *in camera,* showing to support the demand for the records sought by these paragraphs of the subpoena (see *United States v Nixon,* 418 US 683, 703-707; cf. *Church of Scientology of N. Y. v State of New York,* 61 AD2d 942). Another opportunity is now afforded to the commission to demonstrate, ex parte, *in camera,* at Special Term, that the records demanded in said paragraphs b, c and d of the subpoena are relevant to a legitimate investigation within the scope of the commission's power and pursuant to an existent complaint as provided by law and consistent with the principles stated in this memorandum. Pending such hearing and report to this court, defendant's appeal is held in abeyance *(Matter of Holy Spirit Assn. for Unification of World Christianity v Tax Comm. of City of N. Y.,* 62 AD2d 188, 198-199). Except for the procedures and purposes authorized by section 44 of the Judiciary Law, the records, affidavits, and exhibits submitted to Special Term at the hearing are to be and remain sealed until further order of this court. Concur—Kupferman, J. P., Birns, Lane and Sullivan, JJ.