■   ·  In the Matter of GARY L. NICHOLSON, Appellant, v STATE COMMISSION ON JUDICIAL CONDUCT, Respondent.—Order and judgment (one paper) of the Supreme Court, New York County, entered August 16, 1978, denying petitioner's motion to quash or vacate a subpoena duces tecum served upon him by respondent State Commission on Judicial Conduct, unanimously modified, on the law, without costs or disbursements, to grant the petition to the extent of vacating Items b, c and d of said subpoena, without prejudice to the service of a new subpoena seeking the information requested under Items b, c and d predicated upon the receipt or filing of a proper complaint under section 44 of the Judiciary Law, and otherwise affirmed. In our memorandum and order of January 23, 1979 (67 AD2d 649), we held this appeal in abeyance and remanded the matter to Special Term for a hearing ex parte, *in camera,* to afford the commission an opportunity to demonstrate that the records demanded in Items b, c and d of the subpoena are "relevant to a legitimate investigation within the scope of the Commission's power pursuant to an existent complaint as provided by law". We ruled that the request for information in Item e was proper. We note, parenthetically, that the reason we ordered an ex parte, *in camera,* hearing is that petitioner Nicholson was not entitled to access to any complaint upon which the commission purportedly acted. Only the Judge concerning whom a com-

plaint is filed, and members of the commission's staff, have access to the records of the commission unless the Judge, in writing, requests public access (Judiciary Law, § 44, subd 3; § 45). The commission's investigations are activated only in two instances (Judiciary Law, § 44, subds 1, 2). Subdivision 1 provides: "The commission shall receive, initiate, investigate and hear complaints with respect to the conduct, qualifications, fitness to perform, or performance of official duties of any judge * * * *A complaint shall be in writing and signed by the complainant and, if directed by the commission, shall be verified."* (Emphasis added.) Subdivision 2 provides: "The commission may, on its own motion, initiate an investigation of a judge with respect to his qualifications, conduct, fitness to perform or the performance of his official duties. *Prior to initiating any such investigation, the commission shall file as part of its record a written complaint, signed by the administrator of the commission, which complaint shall serve as the basis for such investigation."* (Emphasis added.) Following the hearing at which the administrator for the commission testified, Special Term's report stated: "I report and find that there is no written complaint concerning the entire 1977 fund raising campaign, other than that pertaining to the December 4, 1977 fund raising affair; hence, there is no jurisdictional basis for the demand for the records sought by paragraphs 'b', 'c' and 'd'." We have reviewed the testimony adduced at the ex parte, *in camera,* proceeding and hold that the findings of Special Term are supported completely. We conclude that the conditions prerequisite to the commission's investigation, which authorize and limit the scope of any inquiry attendant upon such investigation, have not been met as to Items b, c and d. In our previous decision and order of January 23, 1979 we held that "There appears a sufficient showing by the Commission that its inquiry [as to the December 4, 1977 affair] was initiated by a written complaint, a prerequisite to jurisdiction by the Commission (Judiciary Law, Article 2-A, § 44)". (Item e.) It is the contention of the commission that the complaints received by it concerning the December 4 postelection fund raising affair justified its investigation of the entire 1977 campaign for the office of Surrogate of New York County conducted by a present Judge of that court. We find nothing in the brief and memorandum of law submitted to Special Term to justify that claim. The letters of complaint upon which the commission purportedly acted are not to be so broadly construed as to embrace the said entire 1977 campaign. It appears to us that if other information received by the commission, in addition to the written complaints referred to above, encompassed the entire 1977 campaign, the commission could avail itself of the option provided by subdivision 2 of section 44 of the Judiciary Law, to initiate on its own motion an investigation by filing "as part of its record a written complaint, signed by the administrator of the commission, which complaint shall serve as the basis for such investigation." It is no answer, as the commission contends, that "If a subpoena were required to be tailored precisely to a written complaint, there would be no purpose of conducting investigations." Questions of relevancy with respect to items sought by subpoenas can only be determined by reference to complaints. Otherwise, the scope of an investigation would be without limits and subpoenas could be utilized as "instruments of abuse and harassment". (See *Myerson v Lentini Bros. Moving & Stor. Co.,* 33 NY2d 250.) As the Court of Appeals reminded us in *Matter of A'Hearn v Committee on Unlawful Practice of Law of N. Y. County Lawyers' Assn.,* (23 NY2d 916, 918): "It is ancient law that no agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of

possible violations of law being discovered, especially with respect to subpoenas duces tecum (see, generally, 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 2304.02, 2304.07). There must be authority, relevancy, and some basis for inquisitorial action (cf. *Matter of La Belle Creole Int. v. Attorney-General,* 10 N Y 2d 192, 196, and cases cited)." We are convinced that when the Legislature included the term "complaint" in the statute (Judiciary Law, § 44, subds 1, 2) it intended to utilize a complaint as a legal device to circumscribe the areas of any authorized investigation. Accordingly, the motion to quash Items b, c and d of the said subpoena is granted without prejudice to the subsequent filing of a written complaint as provided in Judiciary Law (§ 44, subd 2), which the commission may find warranted on the basis of information in its files or obtained by its staff. Of course, this does not preclude the receipt of such complaint as may comply with the provisions of subdivision 1 of section 44 of the Judiciary Law. Concur—Kupferman, J. P., Birns, Lane and Sullivan, JJ.