OPINION OF THE COURT
Lawrence E. Kahn, J.
This article 78 proceeding has been commenced by petitioner, Hubert A. Richter, as the City Court Judge of the City of Kingston, and seeks a writ of prohibition enjoining the State Commission on Judicial Conduct and the members thereof from proceeding with any examination of petitioner or, that the same be limited solely to the case of People v Yeomans. A motion has been made by respondent for an order pursuant to CPLR 7804 (subd [f]) and 3211 (subd [a]) dismissing the petition upon the ground that the petitioner has failed to state a cause of action.
Petitioner is the duly elected City Court Judge of the City of Kingston. The respondent, State Commission on Judicial Conduct, is a duly constituted governmental body of the State of New York, provided for under article VI of the State Constitution in sections 40 through 44 of the Judiciary Law of the State of New York. The individual respondents are the commissioners thereof.
*23 Based upon information obtained while examining public court records in another Justice Court, the commission’s investigators discovered a letter purportedly from petitioner to a Judge of that court, which allegedly requested special consideration in a pending traffic case (People v Yeomans). Thereafter, on May 25, 19-78, pursuant to subdivision 2 of section 44 of the Judiciary Law, the commission filed an administrator’s complaint wherein it is alleged that “Judge Richter may have requested favorable treatment from Town Justice, John Carusone, Town of Queensbury, Warren County, on behalf of a defendant charged with a traffic violation in the case of People v Wesley Yeomans, August, 1976.” That is the sole charge contained in said administrator’s complaint. Respondents acknowledge that the case of People v Yeomans “had served as the basis for the administrator’s complaint.” By letter dated September 12, 1978, petitioner admitted the allegation that he requested special consideration on behalf of defendant in the Yeomans case.
Although no new administrative complaint was ever issued, petitioner was notified on December 24, 1979, that pursuant to subdivision 3 of section 44 of the Judiciary Law, he was requested to appear before a member of the commission to give testimony concerning 49 instances in which it was alleged that petitioner’s disposition of cases pending before him were influenced by ex parte communications. Included therewith, was a copy of the original administrator’s complaint concerning the Yeomans case, the allegations of which had already been admitted by petitioner.
Petitioner argues that the commission has exceeded its jurisdiction in attempting to commence an investigation concerning cases for which an administrator’s complaint has not been forthcoming. He argues that his admitting to the charges contained in the original administrator’s complaint has completely satisfied that instrument, and in any event, it may not serve as the basis for numerous other charges which have not been initiated by a proper complaint. Respondents assert that upon the filing of an administrator’s complaint concerning any particular allegation, they may thereafter conduct investigations in unlimited fashion in every facet of an individual’s activity. This court does not agree.
*24 Subdivision 2 of section 44 of the Judiciary Law provides, “The commission may, on its own motion, initiate an investigation of a judge with respect to his qualifications, conduct, fitness to perform, or the performance of his official duties. Prior to initiating any such investigation, the commission shall file as part of its record a written complaint, signed by the administrator of the commission, which complaint shall serve as the basis for such investigation.”
Thus, statutorily, jurisdiction is predicated upon the written complaint which sets the parameters of the investigation. Respondent commission pursued an investigation into an alleged act of misconduct on the part of petitioner. In doing so, it properly filed a complaint alleging the specific act of misconduct. Based upon said complaint, respondent now claims the right to conduct a limitless inquiry into all of petitioner’s conduct. Such unwarranted and unfettered incursions into our judiciary would jeopardize its very independence and integrity. “It is ancient law that no agency of government may conduct an unlimited and general inquisition into the affairs of persons within its jurisdiction solely on the prospect of possible violations of law being discovered * * *” (see, generally, 2A Weinstein-Korn-Miller, NY Civ Prac, pars 2304.02, 2304.07). Respondent seeks to go beyond the scope of its permissible authority by undertaking a “fishing expedition” outside the framework of legality provided by its complaint. As was stated in the recent case of Matter of Nicholson v State Comm. on Judicial Conduct (68 AD2d 851, 852-853), “[W]hen the Legislature included the term ‘complaint’ in the statute (Judiciary Law, § 44, subds 1, 2) it intended to utilize a complaint as a legal device to circumscribe the areas of any authorized investigation.”
In reviewing the Appellate Division decision, the Court of Appeals stated that “[t]he decision was without prejudice to a wider investigation if supported by a proper written complaint” (Nicholson v State Comm. on Judicial Conduct, 50 NY2d 597, 604, supra).
It is true that prohibition is an extraordinary remedy to be invoked only where a clear right to relief is established and the action taken or threatened is clearly without juris *25 diction or in excess of jurisdiction (see Matter of Bloom v Clyne, 69 AD2d 956). However, under the facts presented herein, proceeding by way of article 78 seeking an order of prohibition is proper (see Nicholson v State Comm. on Judicial Conduct, 50 NY2d 597, supra). This court finds that a clear right to the relief has been established and that the action is expressly in excess of the jurisdiction of the respondent absent a proper written complaint encompassing the charges upon which an investigation must be predicated.
Accordingly, the petition for a writ of prohibition enjoining the commission and the members thereof from proceeding with the examination of petitioner as to those items included in numbers 2 through 49 in the schedule of the commission with respect to its investigation of petitioner, shall be granted.