◼ In the Matter of HUBERT RICHTER, Respondent, v STATE COMMISSION ON JUDICIAL CONDUCT et al., Appellants. — Appeals (1) from an order of the Supreme Court at Special Term (Kahn, J.), entered September 18, 1980 in Greene County, which, in a proceeding pursuant to CPLR article 78, denied the respondent commission's motion to dismiss the petition and granted petitioner relief in the nature of prohibition limiting respondent's examination of petitioner with respect to its investigation of him, and (2) from an order of said court, entered February 18, 1981 in Greene County, which denied respondent's motion for renewal and rehearing of its prior motion to dismiss the petition. In our view, this proceeding became moot when petitioner testified before the State Commission on Judicial Conduct on March 26, 1980 concerning the 48 additional instances which were not contained in the original complaint. This testimony was voluntary and was not compelled by subdivision 3 of section 44 of the Judiciary Law. That provision, which authorizes the commission to require a Judge under investigation to appear before it and testify under oath, must be read in conjunction with subdivision 2 of section 44 which limits the scope of any investigation to matters contained in the complaint. Thus, since the 48 incidents which petitioner made the subject of this article 78 proceeding were not mentioned in the complaint, the commission was without power to require petitioner's testimony on these matters. Accordingly, since petitioner voluntarily gave testimony to the commission concerning these incidents, this proceeding, which seeks to prohibit such testimony, should have been dismissed as moot upon the commission's subsequent motion for renewal and rehearing. Order entered February 18, 1981 reversed, on the law and the facts, without costs, motion for renewal and rehearing granted, and, upon rehearing, petition dismissed as moot. Appeal from order entered September 18, 1980 dismissed, as moot, without costs. Mahoney, P. J., Sweeney, Kane and Casey, JJ., concur; Weiss, J., concurs in the following memorandum.

Weiss, J. (concurring). I concur in the majority's opinion that petitioner's testimony before the commission has rendered these proceedings moot. I write

only because I believe that while the issue presented is not of the type that should be reserved as an exception to the mootness doctrine *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707), a sufficiently useful purpose would be served in this instance by elaboration upon the statutory limitations of investigations as circumscribed by section 44 of the Judiciary Law and the decisions in the four cases all entitled *Matter of Nicholson v State Comm. on Judicial Conduct* (67 AD2d 649; 68 AD2d 851; 72 AD2d 48; 50 NY2d 597). The lesson of the *Nicholson* cases is clear, not to be subject to sophistry. The statute requires a predicate for *any* investigation, i.e., a written complaint. Subdivision 1 of section 44 provides for written complaints received from the public, and subdivision 2 covers written complaints originating within the commission. Nowhere does the statute either provide or envision widespread or limitless investigation beyond the specific charge set forth in a written complaint. It is beyond cavil that the State has an overriding interest in the integrity and impartiality of the judiciary *(Matter of Nicholson v State Comm. on Judicial Conduct,* 50 NY2d 597, *supra).* There can hardly be a higher governmental interest than the State's interest in the quality of its Judges *(Landmark Communications v Virginia,* 435 US 829, 849). But the jurisdictional basis for any investigation into possible judicial misconduct has been stated by the Legislature to be a written complaint which "shall serve as the basis for such investigation" (Judiciary Law, § 44, subd 2). Coincidence being fate's major weapon, a letter written by petitioner was found in the files of another Judge under investigation by the commission. The letter sought favorable consideration for one Wesley E. Yeomans on a speeding charge. The commission filed a written administrator's complaint on May 25, 1978 charging wrongful conduct in the Yeomans matter, to which charge petitioner admitted guilt. Then, commencing in January, 1979, the commission conducted a four-month search of petitioner's records and discovered 48 additional incidents, unrelated to the Yeomans matter, which it alleged to comprise wrongful conduct. This investigation, made without any additional written complaint, was without a jurisdictional basis. Petitioner appeared and testified before the commission on March 26, 1980 concerning the 48 additional alleged wrongful acts. A second formal administrator's complaint, filed June 12, 1980, could not and did not cure the jurisdictional defect which tainted the investigation.