RIVERTONE CORPORATION, Appellant, v GENERAL THERMOFORMING CORPORATION, Respondent. — Appeals (1) from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered September 14, 1981 in Sullivan County, which granted defendant's motion for summary judgment upon its counterclaim, and (2) from an order of said court, entered December 17, 1981 in Sullivan County, which denied plaintiff's motion for reargument. In October, 1975, defendant manufactured certain items, plastic "bubbles", for plaintiff at an agreed-upon price of $800. At the time the goods were to be manufactured, plaintiff gave defendant certain molds and a cutting die (equipment) to be used in the production of the "bubbles". The "bubbles" were delivered and accepted by plaintiff in October, 1975, and in March, 1976 plaintiff paid $300 on account, leaving a balance due defendant of $500. In December, 1979, plaintiff sought a return of the equipment which it allegedly left with defendant in October, 1975. When defendant did not return the equipment, plaintiff commenced the instant action seeking damages caused by defendant's alleged refusal to return the equipment. Defendant interposed an answer which contained a counterclaim for the $500 balance due. Subsequently, defendant moved for summary judgment upon its counterclaim. This motion was granted and the first of these appeals was commenced. Plaintiff then moved for reargument and when this motion was denied, the second appeal herein was taken. Plaintiff has admitted its outstanding $500 account payable with defendant. Accordingly, there is no issue of fact which bars the granting of summary judgment. Moreover, contrary to plaintiff's arguments, we do not find the counterclaim to be so interwoven with the main claim as to bar the

granting of summary judgment upon the counterclaim (cf. 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.17). Finally, we note that an order denying reargument is not appealable and, accordingly, the appeal from that order must be dismissed (see, e.g., *Weber v Cassius,* 46 AD2d 976). Order entered September 14, 1981, affirmed, with costs. Appeal from order entered December 17, 1981, dismissed without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.