■ JOHN R. TRIPI, Appellant, v CELESTE W. TRIPI, Respondent. — Appeal unanimously dismissed as moot, without costs. Memorandum: Because the husband has failed to prove his counterclaim for divorce, his appeal from the order dismissing his separate action for divorce is moot. (Appeal from order of Supreme Court, Erie County, Ricotta, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ In the Matter of BARBARA M. SIMS, an Associate Judge of the City Court of Buffalo, Appellant, v NEW YORK STATE COMMISSION ON JUDICIAL CONDUCT, Respondent. (Appeal No. 1.) — Judgment unanimously affirmed, without costs. Memorandum: For the reasons stated by Special Term (McLaughlin, J.), the extraordinary relief of prohibition was properly denied and petitioner's CPLR article 78 proceeding dismissed. Petitioner on appeal argues that the commission exceeded its authority by asking her to respond to questions concerning matters not enumerated in the administrator's complaints. Inasmuch as she appeared and gave testimony concerning these allegations, this issue has become moot (see *Matter of Richter v State Comm. on Judicial Conduct,* 85 AD2d 790, mot for lv to app den 56 NY2d 508). (Appeal from judgment of Supreme Court, Erie County, McLaughlin, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ In the Matter of BARBARA M. SIMS, an Associate Judge of the City Court of Buffalo, Appellant, v NEW YORK STATE COMMISSION ON JUDICIAL CONDUCT et al., Respondents. (Appeal No. 2.) — Appeal dismissed as moot. (Appeal from judgment of Supreme Court, Erie County, Kuszynski, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ NUNZIO E. DOLDO, SR., Respondent-Appellant, v TOWN OF WATERTOWN et al., Appellants-Respondents. — Order and judgment unanimously modified and, as modified, affirmed, with costs to petitioner, in accordance with the following memorandum: Special Term should have granted the motion to dismiss the first two causes of action in the petition. In these causes of action petitioner seeks a declaration that the Zoning Ordinance of the Town of Watertown is invalid and unconstitutional as applied to him based upon his contention that the ordinance contains no provision under which he could be relieved through an application for a variance of the hardship created with respect to his property. We hold that under article V (§ 12, subd 2, par [c]) of the Zoning Ordinance of the Town of Watertown and subdivision 5 of section 267 of the Town Law, the zoning board of appeals is empowered to grant petitioner a variance (see *Matter of Bobandal Realties v Worthington,* 21 AD2d 784, 786, affd 15 NY2d 788; 1 Anderson, New York Zoning Law and Practice [2d ed], § 17.15). Even if petitioner's narrow interpretation of the ordinance were adopted, the zoning board of appeals would have the power under subdivision 5 of section 267 of the Town Law to grant a variance (see *Matter of Bobandal Realties v Worthington, supra*). In any event, petitioner by filing an application for a variance and the zoning board of appeals by accepting the application and acting on it have interpreted the ordinance as empowering the board of appeals to grant a use variance. Turning to the questions raised concerning the handling of the variance application by the board of appeals, we hold that the board improperly curtailed petitioner's efforts to present proof necessary and relevant to a showing of a hardship (see *Matter of Village Bd. of Vil. of Fayetteville v Jarrold,* 53 NY2d 254, 260) by its erroneous rulings excluding relevant proof and by peremptorily cutting off petitioner's presentation. For this reason, the denial of the variance must be vacated and the matter remitted to the zoning board of appeals for a new hearing if petitioner deems it appropriate. We agree with Special Term that the board's actions "were so