■ In the Matter of NEW YORK STATE COMMISSION ON JUDICIAL CONDUCT, Respondent, v JOHN DOE, Appellant. — Appeals (1) from an order of the Supreme Court at Special Term (Conway, J.), entered February 15, 1983 in Albany County, which granted petitioner's motion pursuant to CPLR 2308 to compel respondent to comply with a subpoena duces tecum and denied respondent's cross motion to quash said subpoena, and (2) from an order of said court, entered February 24, 1983 in Albany County, which denied respondent's motion (i) for leave to reargue his motion to quash, (ii) to dispense with the necessity of filing papers related to the motion to quash, and (iii) to seal the record. Petitioner commenced an investigation of respondent, a Family Court Judge, after receiving a complaint dated April 28, 1982 that he had obtained a loan of $32,000 at 10% interest from the complainant and failed to repay in one year as agreed. The complaint further stated that respondent, on one occasion, gave a check for accrued interest and that complainant was unable to cash it. Finally, the complaint alleged that respondent promised to give a mortgage on certain property to secure the loan, but never did. On the basis of the April 28, 1982 complaint and its own investigation, petitioner, on July 1, 1982, filed an administrator's complaint against respondent which contained allegations that on July 28, 1977, respondent formed a corporation which leased land to a second corporation at a monthly rental which by September, 1980 equaled $800 and respondent, as president of the corporation, secured a $75,000 loan from a bank using the property and lease with the second corporation as security; that respondent borrowed $11,000 from a person on December 15, 1967; that in 1976 the estate of that person brought suit to recover the unpaid balance; that on November 14, 1978, a judgment was entered against respondent for the remaining unpaid balance of $1,653.07; that on April 11, 1979, respondent was named as the executor of the will of an individual; and that after this individual's death on July 6, 1979, respondent, acting as executor of the estate, sold certain property on behalf of the estate on August 11, 1981. Thereafter, respondent testified concerning the allegations in the April 28, 1982 complaint and petitioner's complaint and partially complied with a subpoena duces tecum. He failed, however, to comply with demands three through seven which requested all notations from respondent's diary books,

calendars, and other writings from 1974 to present, reflecting present and past indebtedness or loans; all promissory notes, memoranda, correspondence, financial statements, receipts, canceled checks, bank statements or writings of any kind relating to loans received by respondent from any person, corporation or organization since January 1, 1974; all canceled checks, stub books, bank statements and deposit slips for all respondent's checking accounts since January 1, 1974, reflecting loans or their repayment business-for-profit activity, indebtedness, and checks returned for insufficient funds; applications and financial statements submitted by the corporation respondent formed or by respondent for the purpose of obtaining bank loans from 1974 to the present; and bank records, files, correspondence, bank statements and writing of any kind relating to loan accounts from 1974 to the present in respondent's name or that of the corporation which he formed. Petitioner subsequently brought a proceeding to compel respondent to comply with the subpoena and respondent cross-moved to quash the subpoena on the ground that it was beyond the scope of the investigation. Special Term granted petitioner's motion and denied the cross motion. Thereafter, Special Term denied respondent's motion to reargue and for a modification to provide for sealing the record. This appeal ensued. Basically, respondent contends that the subpoena requires the production of documents unrelated to the allegations contained in the complaints and, consequently, is beyond the scope of petitioner's jurisdiction. Respondent also maintains that Special Term erred in denying his motion to seal the record. Petitioner is given broad power to investigate and recommend a disposition of alleged acts of misconduct committed by members of the judiciary (Judiciary Law, § 41 *et seq.; Matter of Nicholson v State Comm. on Judicial Conduct,* 50 NY2d 597, 611). That authority, however, is not unlimited and must not be exercised in an arbitrary manner. Furthermore, the scope of the investigation must be based on the allegations of the complaint (see *Matter of Nicholson v State Comm. on Judicial Conduct,* 68 AD2d 851). From an examination of the record and, particularly, the complaints, the information requested in the subpoena appears to be too broad and indefinite. More specifically, demands three to seven seek production of virtually all of respondent's financial records during his tenure of office and are not limited to the production of information regarding matters specifically alleged in the complaint. It is a veritable "fishing expedition" into respondent's financial affairs during his tenure of office. Such limitless inquiry is not authorized and the subpoena should be quashed to the extent of relieving respondent of complying with demands three through seven. Concerning respondent's argument that the record should be sealed, we would note initially that this court granted a motion by respondent to temporarily seal the record of the filing of the orders appealed from and the papers in support thereof in the Albany County Clerk's office. The Court of Appeals has stated that the scheme of confidentiality for commission proceedings applies only to matters before the commission, not to matters before the court, and a blanket rule requiring the sealing of all court records involving proceedings by the commission is unjustified in the absence of legislative mandate (*Matter of Nicholson v State Comm. on Judicial Conduct,* 50 NY2d 597, 612-613, *supra*). The Court of Appeals did note, however, that "in an appropriate case a court may draw on its power to seal its own records" (*id.,* at p 613). In the present proceeding, the information in the record sought to be sealed has already been made public by a June 6, 1983 article in the *Knickerbocker News,* frustrating this court's prior temporary order and any decision as to whether to permanently seal the record. Accordingly, we will not now exercise our power to seal the record in this proceeding. Finally, an order denying reargument is not appealable and, therefore, respondent's appeal from that part of the order entered February 24, 1983 which denied his motion for

reargument must be dismissed (*Rivertone Corp. v General Thermoforming Corp.,* 90 AD2d 906). Order entered February 15, 1983 modified, on the law, by reversing so much thereof as granted petitioner's motion and denied respondent's cross motion regarding demands three through seven of the subpoena duces tecum; demands three through seven of the subpoena duces tecum are quashed; and, as so modified, affirmed, without costs. Appeal from that part of the order entered February 24, 1983 which denied respondent's motion for reargument dismissed, and the remainder of said order affirmed, without costs. Mahoney, P. J., Sweeney, Casey, Mikoll and Weiss, JJ., concur.