OPINION OF THE COURT
Per Curiam.
A judge may be removed from office for misconduct occurring while he held a different judicial office, notwithstanding that his prior misconduct was known to the voters who elected him to the judicial position from which removal is now sought.
From January 1971 through 1981, petitioner served as a Justice of the Chesterfield Town Court, Essex County. During 1980, in order to increase the number of deer his hunting party could kill beyond the legal limit, he engaged in a scheme to obtain hunting licenses in the names of persons he knew would not use them, falsely certifying that the persons *63 in whose names licenses were applied for had signed the applications, when in fact petitioner had done so, and applied for party permits in the names of persons who had not authorized him to do so or who were not intended to be part of his hunting party. On September 8, 1982, he pleaded guilty to a charge of making a false statement to obtain a license in violation of the Environmental Conservation Law, a misdemeanor, and was sentenced to pay a fine of $200 and given a conditional discharge.
On April 2, 1984, after election to the office of Justice of the Keeseville Village Court, Essex County, petitioner assumed that office. Thereafter the State Commission on Judicial Conduct issued its formal complaint. After petitioner stipulated to waive a hearing and agreed to a statement of facts, the Commission found the charges sustained and determined that the appropriate sanction was removal.
In this review proceeding pursuant to NY Constitution article VI, § 22 (d) and Judiciary Law § 44 (7) petitioner does not contest that his conduct warranted removal. Rather he contends that he cannot be removed* from his position as Keeseville Justice for conduct of which the voters were aware at the time he was elected to that office, because to do so would disenfranchise the voters who elected him. We disagree.
The same argument was made in Matter of Sarisohn (26 AD2d 388, appeal dismissed 19 NY2d 599, lv denied 19 NY2d 689, on appeal after hearing 21 NY2d 36, on further appeal after remand 22 NY2d 808, cert denied 393 US 1116). Sarisohn was charged with various acts of misconduct prior to his election as District Court Judge while serving as a Justice of the Peace. By pretrial motion he sought dismissal of allegations of misconduct which preceded his election to the District Court on the ground that the court was without power to nullify the selection of the voters by removing him. His motion was denied (26 AD2d, at p 391), and when the same question was again raised on his appeal to this court after hearing and determination of removal, we held it immaterial that the prior office was a different judgeship, reasoning that "[i]t would be an unseemly and unsound distinction with *64 respect to a matter affecting general character and fitness to immunize a Judge from his prior misconduct as a Judge of lesser or higher rank.” (21 NY2d, at p 46.)
A similar holding is to be found in Matter of Hayes (43 AD2d 872, appeal dismissed for want of constitutional question 35 NY2d 755), the Appellate Division concluding in that case that "[t]he fact that respondent has since been re-elected to office in no way affects our judgment or impairs our authority to order his removal”, and Matter of Newman v Strobel (236 App Div 371, 375) recounts three different legislative impeachment proceedings resulting in removal of judges, after election to a second term, for misconduct during an earlier term (see also, Ann., 42 ALR3d 691, 712; 67 CJS Officers and Public Employees, § 120 [c]).
True it is that in some of those decisions the court noted that the judge’s misconduct was unknown to the public (but see, Matter of Abare v Hatch, 21 AD2d 84, 86). In our view, however, knowledge of the voters can no more immunize a judge from removal for misconduct in a prior judicial office than election of a person without the number of years practice of law required by article VI, § 20 (a) of the Constitution can authorize such a person to hold office (cf. Maresca v Cuomo, 64 NY2d 242). Petitioner points to nothing in the Constitution or in statute vesting the voters with the power to pardon (cf. NY Const, art IV, § 4; People v Broncado, 188 NY 150, 155). To conclude that misconduct which the Legislature has expressly provided shall forever disqualify from judicial office can be absolved by election to a new judicial office (or reelection to the same office) after the misconduct became known would be a perversion of both logic and legislative intent.
Accordingly, the determined sanction is accepted, without costs, and Ronald V. Bailey is, notwithstanding his resignation therefrom, removed from the office of Justice of the Keeseville Village Court, Essex County.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Titone and Hancock, Jr., concur in Per Curiam opinion; Judge Alexander taking no part.
Determined sanction accepted, without costs, and Ronald V. Bailey is removed from the office of Justice of the Keeseville Village Court, Essex County.

 In fact, after filing his review request, petitioner resigned his position as Keeseville Justice in order to become a candidate for Supervisor of the Town of Chesterfield. The proceeding is not moot, however, for Judiciary Law § 47 provides that removal of a judge who has resigned "shall render such judge ineligible to hold any other judicial office” (see, Matter of Scacchetti v State Commn. on Judicial Conduct, 56 NY2d 980, 982).