OPINION OF THE COURT
Thomas P. Flaherty, J.
Petitioner, a Judge of the Unified Court System since January 1, 1987, seeks a judgment prohibiting the respondent State Commission on Judicial Conduct from taking any further action on its formal written complaint (complaint) against him. Respondent cross-moves for a judgment dismissing the instant CPLR article 78 proceeding for failure to state a cause of action. The petitioner’s application is denied and the cross motion to fdismiss is granted.
*269 Petitioner seeks prohibition on the grounds that the conduct underlying the complaint occurred prior to his election in November of 1986, at a time when he was an attorney but held no judicial office. Specifically, the allegations of the complaint involve his conduct in the collection of signatures on designating petitions for the position he now holds. Petitioner allegedly permitted a signatoree to also sign the name of her husband, assuring her that it was proper, and thereafter falsely notarized that the husband personally came before him and signed the petition in his presence. The complaint alleges that such conduct is violative of sections 100.1 and 100.2 of the Rules Governing Judicial Conduct (22 NYCRR) and Canons 1 and 2 of the Code of Judicial Conduct.
The authority to investigate and proceed against a Judge for conduct preceding his tenure in office has been clearly recognized under the present system involving the respondent Commission on Judicial Conduct (Matter of Nicholson v State Commn. on Judicial Conduct, 72 AD2d 48, 53, mod on other grounds 50 NY2d 597) and its predecessor (Matter of Pfingst, 33 NY2d [a], [kk] [Ct on the Judiciary 1973]; Matter of Sarisohn, 26 AD2d 388, 389, lv denied 19 NY2d 689). Article VI, § 22 (a) of the NY Constitution provides that the respondent Commission "shall receive, initiate, investigate and hear complaints with respect to the conduct, qualifications, fitness to perform or performance of official duties of any judge * * * [and] * * * may determine that a judge or justice be admonished, censured or removed from office for cause, including, but not limited to, misconduct in office, persistent failure to perform his duties, habitual intemperance, and conduct, on or off the bench, prejudicial to the administration of justice”. (Emphasis added.)
Petitioner’s discipline as an attorney by the Office of Grievance Committees does not preclude the instant judicial conduct investigation and proceedings (Matter of Kelso, 61 NY2d 82). Indeed, the rules of the Fourth Judicial Department, in which petitioner practiced, specifically provide that imposition of discipline upon an attorney under such rules "shall not preclude further or additional sanctions prescribed or authorized by law” (22 NYCRR 1022.1 [b]; see also, 22 NYCRR 603.1 [b] [1st Dept]; 691.1 [b] [2d Dept]).
Without commenting upon the prudence of pursuing the instant complaint, this court concludes that respondent is acting within its jurisdiction.
*270 Petitioner also seeks an order sealing the records of this article 78 proceeding. Such application is denied and the temporary seal order imposed at oral argument is lifted. While proceedings of and before the respondent Commission are governed by strict rules of confidentiality (Judiciary Law §§ 45, 44, 46), there is no such statutory scheme as to matters before the court. Absent such a legislative direction, a blanket judicial rule requiring the sealing of all court records has been specifically rejected (Matter of Nicholson v State Commn. on Judicial Conduct, 50 NY2d 597, 613, supra). While the public policy of this State favors awareness of judicial proceedings, nevertheless, a court may draw on its power to seal its own records in an appropriate case (supra). As such, there is neither a blanket rule requiring all court proceedings remain confidential, nor one mandating openness in all cases.
Under the facts of this case, sealing is not warranted. Significantly, counsel for petitioner advises that the conduct alleged in the complaint was publicly disclosed during the course of petitioner’s campaign (see, New York State Commn. on Judicial Conduct v Doe, 96 AD2d 638, mod on other grounds 61 NY2d 56). Additionally, in response to the administrator’s complaint which preceded the formal written complaint, petitioner admitted he permitted the signatoree to sign her husband’s name and notarized same.
In exercising its discretion not to seal the records of the instant article 78 proceeding, this court is not unmindful of a possible scenario whereby the respondent Commission becomes a vehicle for a disgruntled judicial candidate or his supporters to embarrass or inconvenience his successful opponent out of revenge or pettiness. The respondent’s charge to investigate and prosecute judicial misconduct carries an equally important correlative responsibility to refrain from imposing the weight of its office and procedures where discretion and the merits dictate. According to its latest annual report, the respondent recognizes that responsibility as many of the complaints filed with it are disposed of without resort to the full process set forth in article 2-A of the Judiciary Law. In 1986, 889 new complaints were received by the respondent Commission. Of these, some 641 were dismissed upon initial review, with 248 investigations being authorized and commenced. (Mar. 1987 Ann Report of NY Commn on Jud Conduct, at 9-10).