■ In the Matter of RONALD HOLDRAKER et al., Petitioners, v EUGENE C. MAZZOLA, JR., et al., Constituting the Town Board of the Town of Irondequoit, Respondents, and WILMOR-ITE, INC., Respondent-Intervenor. (Proceeding No. 1.) (And Another Proceeding and an Action.)—Judgment unanimously affirmed without costs. Memorandum: From our review of the record we conclude that the town complied with the State Environmental Quality Review Act (SEQRA). It also took a "hard look" at the relevant areas of environmental concern in its draft and final environmental impact statements and gave a "reasoned elaboration" for its determination (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417).

Special Term erred in determining that this rezoning did not require referral to the Town Planning Board because this rezoning amended the town zoning map, which is a part of the Town Zoning Ordinance (Irondequoit Town Zoning Ordinance §§ 130.22, 130.78). Referral of this proposed rezoning and mall was, however, appropriately made to the Town Planning Board through the December 11, 1985 notice of completion of DEIS, which scheduled a public hearing to consider the mall proposal. This notice, which was mailed to the Town Planning Board, sought written or oral comments on the project and stated that the mall project required the town to rezone 11.8 acres of land. Since no report was received by the Town Board from the Town Planning Board within 45 days of this referral, it was authorized to act on the rezoning (Irondequoit Town Zoning Ordinance § 130.78). On appeal appellants contend that the Town Board was not authorized by the Zoning Ordinance to grant a special use permit to sanction a mall in an M manufacturing district. This issue was not raised at Special Term and has not been preserved for appellate review (Mastronardi v Mitchell, 109 AD2d 825, 828).

Appellants contend that the Town Zoning Board of Appeals acted in excess of its authority or arbitrarily in granting the area variance. The Zoning Board of Appeals was authorized by Irondequoit Town Zoning Ordinance § 130.77 (D) to grant this variance (see, Doldo v Town of Watertown, 94 AD2d 946). Further, the determination to grant the area variance was neither arbitrary nor capricious because the record shows that strict compliance with the ordinance would not have supported a valid public purpose which outweighed the injury to the property owner (Matter of De Sena v Board of Zoning Appeals, 45 NY2d 105, 108).

We have reviewed appellants' remaining contentions and

find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Siracuse, J.—art 78.) Present —Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.