| Matter of Stevenson |
|:---:|
| 2025 NY Slip Op 31243(U) |
| April 10, 2025 |
| Surrogate's Court, New York County |
| Docket Number: File No. 2018-2970 |
| Judge: Rita Mella |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SURROGATE'S COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------x
Probate Proceeding, Will of

SANDRA STEVENSON,

                                       DECISION
             Deceased.                    File No.: 2018-2970
-----------------------------------------------------------------------x
M E L L A, S.:

The court considered the following submissions in determining the instant motion for summary judgment:

|  | Numbered |
|---|---|
| Petitioner's Notice of Motion for Summary Judgment | 1 |
| Memorandum of Law in Support of Motion for Summary Judgment, | 2 |
| Affirmation of Gary I. Elias, Esq. in Support of Motion for Summary Judgment, | 3 |
| Affidavit of Michele Mintzer in Support of Motion for Summary Judgment, | 4 |
| Affidavit of Lynn Jean Rutherford in Support of Motion for Summary Judgment, | 5 |

In this contested probate proceeding in the estate of Sandra Stevenson (Decedent), the nominated executor of the propounded instrument, Gary Elias, Esq., (Movant) moves for summary judgment dismissing the objections of Suzanne Frost (Objectant) and admitting the propounded instrument to probate (CPLR 3212). Objectant had challenged the validity of the propounded instrument on the grounds of lack of testamentary capacity and undue influence.[1] However, she did not file opposition to this motion.

Undisputed Facts

In March of 2015, Decedent executed a limited Power of Attorney with Chase Bank,

---

1 Objectant also has alleged that a prior will should be probated instead of the propounded instrument because "decedent had full mental capacity to sign this will at the time she signed it." However, the alleged validity of the prior instrument is not at issue in this proceeding.

allowing Lynne Jean Rutherford (Rutherford) to help her with her bills and taxes following her open-heart surgery. On May 17, 2016, Decedent also executed a Durable Power of Attorney and Health Care Proxy appointing Rutherford as her agent. Later the same day, in Rutherford's absence, Decedent executed the propounded instrument, in which she leaves her entire estate to Rutherford whom she describes as her "friend." She nominated as executor Movant, who had drafted the propounded instrument and supervised its execution, and Rutherford as successor executor. Movant supervised the execution of the propounded instrument, which contains an attestation clause. The witnesses signed a self-proving affidavit (SCPA 1406) in which they confirmed that in their opinion, Decedent was "of sound mind, memory, and understanding, and not under any restraint or in any respect incompetent to make a Will." On July 7, 2018, more than two years later, Decedent died at age 76, survived by six first cousins, one of whom is Objectant.

## Discussion

To succeed on a summary judgment motion, a movant "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 [1986] [citations omitted]). A movant's "[f]ailure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Once a movant has met that burden, then the party opposing summary judgment must come forward with proof, in admissible form, sufficient to show that a material issue of fact exists—or must provide an acceptable excuse for the failure to do so (*see Zuckerman v. City of New York*, 49 NY2d 557, 560 [1980]).

## Testamentary Capacity

2

[* 2]

A testator possesses the capacity to make and execute a will if, at the time of the instrument's execution, she understands the nature and extent of her property, the natural objects of her bounty, and the provisions of the will (*see Matter of Kumstar*, 66 NY2d 691, 692 [1985], *rearg denied* 67 NY2d 647 [1986]). This level of capacity is less than that required for other legal documents (*Matter of Coddington*, 281 AD 143 [3d Dept 1952]), *affd* 307 NY 181 [1954]), and the law presumes that a testator possesses this capacity (*see Matter of Beneway*, 272 AD 463, 467 [3d Dept 1947], *Matter of Owens*, 2018 NY Slip Op 32751[U] *2 [Sur Ct, NY County 2018] citing Matter of Smith*, 180 AD 669, 168 [2d Dept 1917]). The presumption is supported where the will has an attestation clause and a self-proving affidavit (*see Matter of Neumann*, 210 AD3d 492, 493 [1st Dept 2022]; *Matter of Aoki*, 99 AD3d 253, 262 [1st Dept 2012]).

On this record, Movant has established a prima facie case for testamentary capacity by demonstrating that the propounded instrument has an attestation clause and by submitting the self-proving affidavit, signed by each of the witnesses, both of whom state that decedent was of "sound mind" (*see Neumann*, AD3d at 493.). In the absence of opposition papers that create an issue of fact, the motion is granted on the issue of testamentary capacity and the objection is dismissed.

Undue Influence

Undue influence requires a showing that the instrument is the product of "a moral coercion, which restrained independent action and destroyed free agency, or which, by importunity which could not be resisted, constrained the testator to do that which was against his free will and desire...." (*Children's Aid Society v. Loveridge*, 70 NY 387 [1877]). In addition, objectant must demonstrate motive, opportunity, and actual exercise of such influence (*see e.g. Matter of Walther*, 6 NY2d 49 [1959]).

Here, Movant makes his prima facie case that the propounded instrument reflects

3

decedent's wishes rather than Rutherford's and thus was not the product of undue influence. The record—consisting of an affirmation of Movant and affidavits of Rutherford and decedent's friend Michele Mintzer—demonstrates that around the time of the execution of the propounded instrument, Decedent was "very much independent of person, as evidenced by her living by herself … and [independent of] mind, [as evidenced by her] knowing her intentions and expressing them clearly…" (Movant Aff at para 14). Although decedent had executed a limited Power of Attorney with Chase Bank in March of 2015 so that Rutherford could assist her with paying her bills and completing her taxes following open-heart surgery, there is no indication that Rutherford was involved in managing Decedent's day-to-day affairs. In contrast, the provision for Rutherford is explained by evidence of longstanding ties of affection between them (*see Matter of MacGuigan*, 140 AD3d 625 [1st Dept 2016]).

Further, Rutherford was not present either at the consultation about the Will or at the execution of the Will (*see Matter of Malone*, 46 AD3d 975, 978 [3d Dept 2007]). Movant avers, "During my counsel of the decedent, I did not witness any undue influence by the beneficiary Lynn Rutherford over the decedent." (Movant Aff at para 15). Objectant offers no opposition papers to create an issue of fact. Accordingly, the motion to dismiss the objection as to undue influence is granted and the objection is dismissed.

Conclusion

Based on the foregoing, the motion for summary judgment dismissing the objections is granted in its entirety and the objections dismissed. The court having satisfied itself as to the validity of the propounded instrument (SCPA 1408), Petitioner shall settle a decree admitting to probate the propounded instrument.

Dated: April 10, 2025

_____
S U R R O G A T E

4

[* 4]