Matter of Davis (Onondaga County Dist. Attorney's Off.)
2026 NY Slip Op 03524
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

FELICIA PITTS DAVIS, APPELLANT,
v
THE ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE, RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
172 KA 25-00132
Present: Bannister, J.P., Montour, Greenwood, Nowak, And Hannah, JJ.

ROBERT F. JULIAN, P.C., UTICA (ROBERT F. JULIAN OF COUNSEL), FOR APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT.

Appeal from an order of the Onondaga County Court (Matthew J. Doran, J.), rendered December 23, 2024. The order, among other things, accepted a Grand Jury Report and ordered the report sealed pending the determination of an appeal from the order.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The grand jury of Onondaga County submitted to County Court a report pursuant to CPL 190.85 (1) (a) recommending the removal of appellant, a City Court Judge, from the bench based upon her misconduct or non-feasance in public office. The court accepted the report and ordered it sealed pending the determination of this appeal pursuant to CPL 190.90. Appellant appeals, and we affirm.
Appellant contends that the court should have rejected the report because the New York Commission on Judicial Conduct (CJC) has exclusive jurisdiction to review and make determinations regarding the conduct of members of the judiciary. We reject that contention. The statutory framework provided by the CPL permits a grand jury to issue a report to the court "[c]oncerning misconduct, non-feasance or neglect in public office by a public servant as the basis for a recommendation of removal or disciplinary action" (CPL 190.85 [1] [a]). "Judges fall within the broad definition of public servant" (People v Garson, 6 NY3d 604, 613 [2006]).
We also reject appellant's further contention that the report should remain sealed after this Court's determination because proceedings of the CJC are confidential. We note that "this Court is not bound by an erroneous concession of counsel or the parties with respect to a legal principle and such concession does not . . . relieve us from the performance of our judicial function and does not require us to adopt the proposal urged upon us" (Genesee County Fish & Game Protective Assn., Inc. v Sullivan, 239 AD3d 1245, 1247-1248 [4th Dept 2025] [internal quotation marks omitted]). The provisions of the Judiciary Law related to the confidentiality of CJC proceedings apply only to matters before the CJC not to matters, such as these, that are before the court (see Matter of New York State Commn. on Jud. Conduct v Doe, 96 AD2d 638, 639 [3d Dept 1983], affd 61 NY2d 56 [1984]; Matter of Nicholson v State Commn. on Jud. Conduct, 50 NY2d 597, 612-613 [1980]). If, as here, the order accepting a report is appealed, the report and the order must be sealed by the court and may not be filed as a public record until the determination of the appeal (see CPL 190.85 [3]). We conclude that, in light of our affirmance of the order accepting the report, the order and report must be made public.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court